IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**CHRISTINA HART**
105 Martin Ave
Turtle Lake, WI 54889

       Plaintiff,

                                                Case No. 20-cv-1079

   v.

**HAKEE ANADI AKSHRATEET INC.**
**d/b/a AMERIVU INN AND SUITES PARK FALLS**
1212 4th Avenue S
Park Falls, WI 54552-1923

       Defendant.

---

## COMPLAINT

---

Plaintiff, Christina Hart, by her attorneys, Hawks Quindel, S.C., for her Complaint against Defendant, Hakee Anadi Akshrateet Inc. d/b/a AmeriVu Inn and Suites Park Falls, states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff was employed by Defendant, Hakee Anadi Akshrateet Inc. d/b/a AmeriVu Inn and Suites Park Falls, as an operational manager from December 2019 to approximately September 2, 2020. During her employment, Plaintiff worked in excess of 40 hours per workweek. Plaintiff was paid a fix salary of $576.92 per week and was provided no additional compensation for overtime hours. Plaintiff seeks payment of minimum and overtime wages, an equal amount in liquidated damages, and payment of attorney's fees and costs in bring this action.

## PARTIES

2. Plaintiff, Christina Hart, is an adult resident of Turtle Lake, Wisconsin. At all times material to this Complaint, Hart was an "employee" of Defendant as defined by 29 U.S.C. § 203(e)(1). Hart's signed Consent Form is attached to this Complaint as Exhibit A and is incorporated herein by reference.

3. Defendant, Hakee Anadi Akshrateet Inc. d/b/a AmeriVu Inn and Suites Park Falls, is a domestic business with its principal office at 1212 4th Avenue S, Park Falls, WI 54552-1923. Defendant's registered agent for service of process is Dipika Patel.

4. At all times relevant to this Complaint, Defendant was the "employer" of Plaintiff within the meaning of the 29 U.S.C. § 203(d).

5. At all times material to this Complaint, Defendant has employed more than two employees.

6. Upon information and belief, at all times material to this Complaint, Defendant had employees engaged in commerce.

7. Upon information and belief, at all times material to this Complaint, Defendant had an annual gross volume of sales made or business done that is at least $500,000.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

9. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates a facility in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

10. Defendant employed Plaintiff as an operational manager at the AmeriVu Inn and Suites Park Falls from December 2019 to approximately September 2, 2020.

11. The AmeriVu Inn and Suites Park Falls operated 7 days a week, 365 days a year.

12. The AmeriVu Inn and Suites Park Falls opened at 6:00 a.m. and closed at 11:00 p.m.

13. Defendant provided Plaintiff with board and lodging at the AmeriVu Inn and Suites Park Falls. As a condition of employment, Defendant required that Plaintiff live on the premises.

14. Plaintiff's job duties included, but were not limited to, opening and closing the hotel, responding to guest requests and needs, checking rooms after housekeepers cleaned them, cleaning the breakfast and lobby areas, conducting inventory, and completing hotel laundry and snow removal responsibilities.

15. If a housekeeper and/or front desk worker were unable to work their shifts, Plaintiff would fill in and complete their jobs duties during their shift(s).

16. During the course of her employment, Plaintiff was required to be on call at all times to respond to any guest requests and needs or late-arriving guests.

17. Plaintiff carried a work phone with her, and Defendant had a door bell installed in her room so that she would be notified of guest requests or late-arriving guests.

18. If a late-arriving guest rang her doorbell or called her work phone, Plaintiff would return to the front desk and check the guest in.

19. Defendant paid Plaintiff a $30,000 annual salary while she was employed as an operational manager at the AmeriVu Inn and Suites Park Falls. This amounts to a salary of $576.92 per week.

20. Plaintiff regularly worked in excess of 40 hours in a workweek for Defendant.

21. Defendant did not pay Plaintiff at least $7.25 for all hours worked under 40 hours in a workweek.

22. Defendant did not pay Plaintiff overtime for any hours she worked in excess of 40 hours per workweek.

**FIRST CAUSE OF ACTION:**
**FAILURE TO PAY MINIMUM WAGES**
**IN VIOLATION OF THE FLSA**

23. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

24. The FLSA, 29 U.S.C. § 206, requires each covered employer to compensate all non-exempt employees at a rate of at least $7.25 per hour.

25. During her employment with Defendant, Plaintiff was suffered and permitted to work hours in which she was compensated at a rate less than the federally-mandated minimum wage rate.

26. Defendant's practices violate the provisions of the FLSA, including but not limited to 29 U.S.C. § 206. As a result of these unlawful practices, Plaintiff has suffered a wage loss.

27. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff minimum wages in violation of the FLSA.

28. Plaintiff seeks damages in the amount of twice the unpaid wages earned during the statute of limitations as well as attorney's fees and costs in bringing this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

29. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

30. To qualify as an exempt executive or administrative employee, the FLSA, 29 C.F.R. § 541.600, requires that the employee is paid on a salary basis at a rate not less than $684 per week, as of January 1, 2020.

31. During her employment, Plaintiff was paid on a salary basis equal to $30,000 annually, or $576.92 per week.

32. From January 1, 2020 to September 2, 2020, Plaintiff did not meet the salary basis test for an exempt executive or administrative employee under the FLSA.

33. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek.

34. During her employment with Defendant, Plaintiff was suffered and permitted to work hours over 40 in a workweek for Defendant without receiving one and one-half times her regular rate of pay for those overtime hours.

35. Defendant's practices violate the provisions of the FLSA, including but not limited to 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiff has suffered a wage loss.

36. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime wages in violation of the FLSA.

37. Plaintiff seeks damages in the amount of twice the unpaid overtime wages earned during the statute of limitations as well as attorney's fees and costs in bringing this action, pursuant to 29 U.S.C. § 216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, awarding her:

A. The minimum wage and overtime compensation owed to Plaintiff under 29 U.S.C. §§ 206, 207 for the two-year time period prior to the commencement of this action;

B. A finding that Defendant's actions were willful under 29 U.S.C. § 255;

C. Liquidated damages in an amount equal to the amount awarded to her as minimum and overtime wage compensation, as provided in 29 U.S.C. § 216(b);

D. All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b); and

E. Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under the FLSA.

Dated this 2nd day of December, 2020.

> **HAWKS QUINDEL, S.C.**
> *Attorneys for the Plaintiff*
>
> By: /s/David C. Zoeller
> David C. Zoeller, State Bar No. 1052017
> Email: dzoeller@hq-law.com
> Caitlin M. Madden, State Bar No. 1089238
> Email: cmadden@hq-law.com
> Vanessa A. Kuettel, State Bar No. 1088329
> Email: vkuettel@hq-law.com
> 409 East Main Street
> Post Office Box 2155
> Madison, Wisconsin 53701-2155
> Telephone: (608) 257-0040
> Facsimile: (608) 256-0236